UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| CENTRAL CLAIMS SERVICE, INC. | * | CIVIL ACTION NO.: 2007-6808 |
| versus | * | SECTION: L |
| STATE FARM FIRE & CASUALTY COMPANY | * | MAG. 5 |

### AGREEMENT AND MOTION FOR PROTECTIVE ORDER REGARDING CONFIDENTIAL INFORMATION

Defendant, State Farm Fire and Casualty Insurance Company ("State Farm") has sought and will seek from Lexington Insurance Company ("Lexington"), the discovery of certain information that is claimed to be confidential, protected or privileged information. To expedite the flow of discovery material, facilitate the prompt resolution of disputes over confidentiality, adequately protect material entitled to be kept confidential, and ensure that protection is afforded material so entitled, it is believed that a protective order is necessary. State Farm, Central Claim Service, Inc., and Lexington having agreed, as indicated by the signature of their counsel below,

**IT IS HEREBY ORDERED THAT:**

    1.    This Order shall govern the handling, disclosure, and disposition of all designated confidential documents in this action by Lexington (hereinafter referred to as the "Discovery Material").

    2.    Materials may be designated as "Confidential" by Lexington regardless of whether they are produced pursuant to document request, court order, and subpoena duces tecum or in the answer to interrogatories, or contained in deposition testimony. Such materials may

1

also be produced in redacted form. However, if any materials are produced in redacted form, the producing party must provide a detailed privilege log disclosing the identity of the material, its general substance, its source, and an explanation for non-disclosure. It is agreed amongst the parties that a global privilege log may be provided with respect to the redaction of the names of policyholders or policy holder information. The designation of Confidential material may be made by affixing thereon a notice containing the word "Confidential." All copies of any such documents made by any other party shall be clearly marked as "Confidential." In the case of multi-page documents, the word "Confidential" may be stamped on the first page of each document that is deemed to contain confidential material. In the case of electronically produced documents, the word "Confidential" may be affixed to the disc or hard-drive. If access to confidential material is provided via web-portal, the producing party may designate by letter which material shall be deemed confidential.

3. Discovery material furnished by Lexington in the form of testimony may be designated as "Confidential" either at the time any such testimony is taken or in writing within thirty (30) days after the transcript of the testimony has been received by the furnishing party. The court reporter for any such testimony shall be informed of this Order by Lexington making the "Confidential" designation and the court reporter shall comply with and be bound by this Order. In the event the party furnishing deposition testimony designates portions or all of that testimony as "Confidential," the court reporter shall so designate on the face of the transcript and the bottom and top of each page that the transcript have been designated as "Confidential" pursuant to the terms of this Order. Such "Confidential" transcripts of deposition testimony shall be treated the same and afforded the same protections as other "Confidential" material under this Order.

4. Confidential material received from a producing party may be made available only to the Court and any Magistrate or Judicial Law Clerk assigned to this case; named parties, the attorneys for the parties in this action, their respective clerical, secretarial and support staff, and outside consultants or experts retained by named parties to assist in the prosecution or defense of this action, subject to the provisions of paragraph 6, below.

5. No party outside consultant or expert shall have access to Confidential material produced unless he or she shall have read a copy of this Order, shall have executed an affidavit stating that he or she has read this Order, has agreed to be bound thereto, and has agreed to be subject to the jurisdiction of this Court for purpose of the enforcement of this Order. Counsel making disclosure of designated Confidential material shall maintain a file of the affidavits signed by such persons for the purpose of insuring compliance with this Order.

6. None of the persons to whom Confidential material is made available shall make use of such material for any purpose other than the prosecution or defense of this action or disclose the contents of such material to any other person or entity, except as permitted by this Order.

7. In the event a party should conclude that for purposes of this action, it needs to disclose any Confidential materials to person(s) not specified in paragraph 4 and 5, it may

request that counsel for Lexington, State Farm and Central Claims Service grant permission to do so for specified documents or information. To be effective, such consent must be granted in writing and must be specific as to documents or information. Permission granted under this section obviates a necessity of requesting permission of the Court to disclose Confidential information pursuant to paragraph 13.

8. In the event State Farm, Central Claim Service, Inc. or counsel for either should receive a subpoena issued in another lawsuit for Confidential documents produced in this action, they shall not produce any such documents unless required by a court to do so. Further, they shall give prompt notice (by facsimile or overnight delivery service) to whoever originally disclosed the documents in this lawsuit sufficient to allow that party to file a motion to quash or take other lawful action to prevent disclosure.

9. Any material designated as "Confidential" contained in any document filed with the Court shall be filed under seal.

10. Nothing in this Order shall be construed to preclude counsel from showing Confidential material to any witnesses during depositions or hearings conducted in this action, but only so long as counsel showing such Confidential material has a good faith basis for making the disclosure and acts in good faith. In the event any Confidential material is shown to a witness, however, it shall not lose its Confidential status and counsel for each party shall do so in a manner which will protect the Confidential material from disclosure. In any event, those sections of the depositions will be deemed confidential.

11. The Clerk of this Court is directed to maintain under seal all information, documents, and transcripts of deposition testimony filed in the Litigation which have been designated, in whole or in part, as "Confidential" pursuant to the terms of this Protective Order, until further Order of this Court.

12. A party may object to the designation of material as "Confidential" and request the Court to permit use or disclosure of the information without regard to the terms of this Order. The failure of any party to object to the designation of information as "Confidential" does not prevent the party from later objecting to this designation and requesting permission to the Court to use or disclose such material without regard to the terms of this Order.

13. Inadvertent production of any information which does not contain a designation "Confidential" will not waive a party's claim that this information is "Confidential" or estop a party from designating this information as "Confidential" at a later date, provided that such subsequent designation is made within one year of the inadvertent production. However, disclosure of this information by the other party prior to such later designation is not a violation of this Order.

14. Nothing in this Protective Order shall be deemed to restrict in any manner the use by any party of its own documents or materials.

15. Upon the termination of this action, whether by judgment, settlement or otherwise, all Confidential documents and all copies thereof shall be returned to the producing party. In the alternative, counsel for the party receiving the confidential information shall verify to the producing party that all confidential documents and all copies thereof have been destroyed.

16. The provisions of this Order shall survive the termination of this action.

SIGNED this the _____ day of _____, 2009.

_____
Judge

APPROVED AS TO FORM AND CONTENT:

_____
**GALLOWAY, JOHNSON,
THOMPKINS, BURR & SMITH**
Kevin L. Cole, T.A. #4248
B. Wesley Pitts #23899
Three Sanctuary Blvd., Third Floor
Mandeville, LA., 70471
Telephone:   (985) 674-6680
Facsimile:    (985) 674-6681
*Attorney for Plaintiff
Central Claims Service, Inc.*

_____
**PORTEOUS, HAINKEL & JOHNSON**
Adrianne L. Baumgartner #2861
408 N. Columbia Street
Covington, LA. 70433
Telephone:   (985) 246-7430
Facsimile:    (985) 246-7431

_____
**GIEGER, LABORDE & LAPEROUSE**
Robert Siegel #12063
Suite - 4800 One Shell Square
701 Poydras Street
New Orleans, Louisiana 70139-4800
Telephone:   (504) 561-0400
Facsimile:    (504) 561-1011
*Atty for Lexington Insurance Company*

_____
**HASKELL, SLAUGHTER, YOUNG &
REDIKER, LLC**
Joseph L. Cowan, II #Al-3620a61k
Khristi Doss Driver #Al-2719l71f
1400 Park Place Tower
2001 Park Place North
Birmingham, AL 35203
Telephone   (205) 324-1133
*Attorneys for State Farm*